FILED

SEP 29 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
..............................................
ZACK McCain III, and on behalf of all        :
those similarly situated. Phone-#405-         :
224-0830                                      :
816 West Nevada                               :          CIVIL ACTION_____
         PLAINTIFF                            :
Chickasha, Oklahoma 73018                     :
              vs.                             :          CLASS ACTION
                                              :
United States of America; Equal               :
Employment Opportunity Commissioner;
Oklahoma Human Rights Commissioner;           CASE NUMBER   1:06CV01701
All sued Officially of their re-              JUDGE: Royce C. Lamberth
spective Offices.
                                              DECK TYPE: Employment Discrimination
              DEFENDANTS                      DATE STAMP: 9/29/2006
..............................................
```

**PRELIMINARY STATEMENTS**

This is a Civil Action being commenced by a African American citizen, by Class Action, on behalf of all those similarly situated, Challenging the Constitutionality of subsection (b) of the Historical Ninthteen Sixty Four, Civil Rights Act, as Amended, Excluding employers who have less than 15 employees from the coverage of the Act, which caused Racism and a sham of the Act, as applied to the instant case, thereby violating several Fundamental Rights of the plaintiff and Class, Constitutional Protection. Seeking Injunctive Relief under Title 5 United States Codes, Section 702

RECEIVED

SEP 05 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

JURISDICTION

1. This Court Jurisdiction is invoked under Title 28 United United States Codes, Section 1331.

PARTIES

2. Plaintiff is the representative of the Class, and he reside-es at Eight Sixteen West Nevada, Chickasha, Oklahoma 73018.

3. Class of citizens are residents of their respective States throughout the United States and its territories.

4. United States of America (Hereinafter US) is responsible for all Federal Laws that are signed into law by President George W. Bush, or any of his successors. He's ultimately governes the Executive Branch of the US. His office is located at Sixteen Hundred Pennsylvania Ave, N.W. WASHINGTON, D.C. 20500.

5. Equal Employment Commissioner(Hereinafter EEOC) is a Agency under the US-Executive Branch, and Chairman Ms. Carrie Deominguez Administers this Agency. It enforces anti-discrimination laws against employers who have 15 or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year. She's located at 1800 L. Street, N.W. Washington, D.C. 20507.

6. Oklahoma Human Rights commissioner(OHRC) policies, and laws, mirrors EEOC employment anti-discrimination laws, and requirements, The two have a work share agreement. Oklahoma Governor, Brad Henry, ultimately governes this Agency, through the Executive Branch. He's located at 2300 N. Lincoln blvd, Oklahoma City, Oklahoma 73105-4904

PAGE-2

## CLASS ACTION ALLEGATIONS

7. This action is brought, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and on behalf of the plaintiff and Class of all those similarly situated, who are either now, or in the future will be subjected to subjected to discriminatory treatment either on the account of their race, color, religion, sex, or national origin(Excluding by terms the US, a corporation wholly owned by the United States Government, and Indian Tribes, or any department or Agency of the District of Columbia, or a bonifide membership club( Other than a Labor Organization). And sought relief through the EEOC or OHRC(or such State respective Agency that handles such matters) and was turned away as result of their respective employers not having 15 or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year, or any agent of such employer that effect commerce. Insofar, such persons numbers are exhaustive at a minimum of 300,000 or more people, and therefore, are so numerous as to make it impractical to bring them all before the court. There are questions of law and fact presented herein, which are common to the entirer class of persons that are represented by the plaintiff, and the claim the plaintiff setforth, are typical ofr the claims of all members of the class. Plaintiff is qualified to, and will fairly and adequately protect the Interest of each and all of the members of the class.

8. At all times relevant to this complaint, defendants acts or/and jointly acts under the color of federal law.

(9). On July 2, 1964, President Johnson signed into law Title VII, of the Civil Rights Act of Ninthteen Sixty Four, which was amended through the next few decades to provide extra protection for victims of discrimination, among other things.

(10). Subchapter (b) states "employer means a person in an industry affecting commerce who has fifteen or more employees for each working day in twenty or more calendar weeks in the current or preceding calendar and any agent of such a person."

(11). Subchapter (b) above is the subject of this suit.

(12). On or about April 5, 2005 plaintiff begin working for the Chickasha SOD&GRASS Farm, and begin laying grass around a baseball field that was being constructed behind the Chickasha S.Walmart.

(13). Jerry(White male), Supervisor, jokingly used the "n" word as he shared his story of being mistaken as a n_ _ger when he frequent a local club with other blacks during admissions, which discourage him from returning, to other non-black employees.

(14). Plaintiff asked Jerry to stop using the n word around him.

(15). Jerry stated "Let me stop before someone say Iam a racist!"

(16). Jerry told the plaintiff he didn't need him anymore at the end of the day(When everyone went home).

(17). Plaintiff contacted EEOC, and spoke with Charles Morton, and requested to file a charge against Jerry.

(18). Investigator, Mr. Morton stated "How many employees they have?"

(19). Plaintiff stated "About six or seven.

PAGE-4

20. Charles Morton stated " We dont have jurisdiction if they dont have 15 or more employees".

21. Plaintiff contacted EEOC HeadQuarters via phone, and spoke with Naomi, Assistant for Ms. Deominuez, inquiring about the minimum of 15 employee, before the EEOC could investigate.

22. Ms. Naomi said it was true what Mr. Morton said about the EEOC not having jurisdiction, if the emplyer had less than 15 employees working for them.

23. Plaintiff contacted the OHRC, and spoke with a Investigator, Tia-Chin-Harrison, inquiring whether or not their policy or laws was similiar as it pertain to the 15 or more employee requirement, before they could initiate a investigation.

24. Tia-Chin-Harrison advised the plaintiff that it was a requirement that the Employer have the minimum of 15 employees, before they could investigate; And turned the plaintiff away.

25. On information and belief, the Class has been called a racial slur, indirectly, or directly, or plainly discriminated against on account of their sex, race, national origin, color, religion; And was unable to file a charge with the EEOC(Or State Agency).

26. Plaintiff receive no notice or hearing after being denied services from the EEOC, and OHRC.

27. Other citizens who were similarly situated, was capable of using the services from the EEOC, or OHRC, because their employer had 15 or more employees working for them.

28. On information and belief, the Class was also denied the opportunity to receive benefits from the EEOC or Human Rights Commission of their respective States, and receive no notice or hearing.

29. Chickasha Sod&Grass does business across the State line, into Texas, and therefore effect commerce.

30. Plaintiff and Class has no adequate remedy at law, and being irreparably injured by the acts of the defendants, unless this Court grant them the injunctive relief their seeking..

## COUNT-1

31. By US creating Title VII with subchapter (b) thats described in paragraph 10, of the complaint, excluding the plaintiff and Class of the instant complaint from protection, as result of them working for a employer who had less than 15 employees, but insofar effect commerce, caused the EEOC to act jointly with OHRC9(Or State Human Rights Commission) to refuse to offer their services to possibly initiate a Investigation and enforce their anti-discrimination laws that are under their authority, to the Plaintiff and Class; Although, affording such services to citizens who work for employers who have 15 or more employees, consequently, depriving the Plaintiff and Class, from their protection under the Equal Protection, Due Process Clause of the 5th Amendment(14th for State) to the United Constitution..

## COUNT-2

32. By incorporating all statement stated in paragraph 31, as setforth herein, making the plaintiff and class pick and choose between the protection from their Federal Rights and choice of place of employment to secure finance, and well being, subsequently, depriving the plaintiff and class, from the protection given by the 9th Amendment (14th Amendment for the State) to the United States Constitution.

PAGE-6

## COUNT-3

33. By incorporating all statements in paragraph 31, 32, as setforth herein, and subsequently, depriving the Plaintiff and Class of their property interest to receive an Investigation, and possible findings of discrimination there from, without a adequate notice or hearing as required by the Due Process Procedural protections, under the 5th Amendment(14th Amendment for the State) to the United States Constitution.

34. Issue a Preliminary Injunction, Instructing the EEOC, and OHRC, or the Human Rights Commission in any Respective State who's part of the Union, to process and Investigate all complaints alleging a violation of the Ninthteen Sixty Four, Civil Rights Act, as amended, by Employers who have less than 15 employees working for them, and business effect interstate commerce.

35. Issue a additional Order, Instructing the US to change their laws, excluding subchapter (b) that defines a employer as a person in an industry affecting commerce who has fifthteen or more employees, by strickening the 15 minimum requirement, and adding appropiate language that applies to all persons that violate it.

36. Pursuant to Title 28 U.S.C section 2201, 2202, a Declaratory Judgement, stating : By the US adding subchapter (b) to the Ninthteen Sixty Four Civil Rights Act, which excluded employers who had lesser than 15 employees, from coverage of the Act, trangressed the plaintiff and Class Rights to "Equal Justice" under the United States Constitution; And further discriminated against employers, who had 15 or more employees, unreasonably....

WHEREFORE, Plaintiff respectfully request that the Court Grant him any appropiate Attorney's fee's, cost, and any other relief that it deem just.

August 14, 06

ZACK McCain III-405-224-0830
Representative
815 West Nevada Ave,
Chickasha, OKlahoma 73018