**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ZACK MCCAIN, III, and on behalf | ) | |
| of all those similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION 06-1701 RCL** |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION; OKLAHOMA HUMAN | ) | |
| RIGHTS COMMISSIONER sued in their | ) | |
| Official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS

COMES NOW, the Oklahoma Human Rights Commissioner in his official capacity pursuant to Federal Rule of Civil Procedure Rule 12(b)(1)(lack of subject matter jurisdiction), 12(b)(3)(lack of venue), and 12(b)(6)(failure to state a claim) to file this Motion to Dismiss.

### CONCISE STATEMENT OF
### UNDISPUTED MATERIAL FACTS

1.    Pro se Plaintiff has asked this Court to take jurisdiction of this case pursuant to 28 U.S.C. § 1331.  (Exhibit 1, page 2, para. 1; Exhibit 2, page 1, para. 1).

2.    Plaintiff's stated residence is in Chickasha, Oklahoma.  (Exhibit 1, page 2, para. 2; Exhibit 2, page 2, para. 2).

3.    Plaintiff claims to represent a "[c]lass of citizens ... throughout the United States and its territories, which choose to work for small businesses."  (Exhibit 1, page page 2, para. 2 & 3; Exhibit 2, page 2, para. 2 & 3).

4.     Plaintiff alleges the class of individuals are either now or in the future could be subjected to discrimination based on race, color, religion, sex, or national origin, and who have requested either co-defendant EEOC or the Oklahoma Human Rights Commission to investigate alleged discrimination claims but were refused because 42 U.S.C. § 2000e(b) does not grant those Commissions jurisdiction in cases where the employer has **less then 15 employees**.  (Exhibit 1, page 3, para. 7; Exhibit 2, page 3, para. 7).

5.     Plaintiff claims he was discriminated against on the basis of his race by an employer who does not employ at least 15 employees.  (Exhibit 1, page 4, para. 12 - 19; Exhibit 2, page 4, para. 12-34).

6.     Plaintiff's claim against Defendant Oklahoma Human Rights Commissioner is:

"44.   Issue an Additional Order Instructing the EEOC, and the OHRC, agents, and Officials to immediately redraft their regulations and policies that are consistent with this court Order and Judgment to process the plaintiff and class, or any other citizens who have worked for an employer who had lesser than 15 employees and effected interstate commerce, and believed they've been discriminated against by such employer or agent, but was unable to file such a charge in the past, as an result of their employers having lesser than the said minimum of employees working for them, and allegations showing a possible violation under the 1964 Civil Rights Act, as amended to be process and investigated as it would've been if there wasn't any mandatory minimum mount of employees an employer must have before the EEOC could've enforce their authority under the Act." (Exhibit 2, page 7, para. 44).

7.     Plaintiff's COUNT 1 is apparently an equal protection challenge to the **less than 15 employee rule** in 42 U.S.C. § 2000e(b).  (Exhibit 1, page 6, para. 31; Exhibit 2, page 6, para. 38).

8.    Plaintiff's COUNT 1(A) (in his Amended Complaint) is apparently a First Amendment right to file a grievance claim to the *less than 15 employee rule* found in 42 U.S.C. §2000e(b).  (Exhibit 2, page 6, para. 39).

9.    Plaintiff's COUNT 2 is an unspecified Ninth Amendment claim, presumably, one of the un-enumerated "penumbra of rights" some courts have recognized to exist under that amendment.  (Exhibit 1, page 6, para. 32; Exhibit 2, page 6, para. 40).

10.    Plaintiff's COUNT 3 is appears to be a procedural due process claim.  (Exhibit 1, page 7, para. 33; Exhibit 2, page 7, para. 41).

11.    Plaintiff's COUNT 4 (in his Amended Complaint) is again a Ninth Amendment claim, presumably in an attempt to challenge the *less than 15 employee rule* on one of the "penumbra of rights" some Courts have recognized in the past.  (Exhibit 2, page 7, para. 42).

12.    Plaintiff has requested the following forms of relief:

    a.    He requests this Court to issue an injunction preventing the President of the United States from vetoing any bill or to order the President to redraft 42 U.S.C. § 2000e(b), presumably to strike the "*less than 15 employee rule*" so that the EEOC and Oklahoma Human Rights Commission would than have jurisdiction to accept complaints and investigate discrimination claims against employees who have employers with *less then 15 employees*.  (Exhibit 1, page 7, para. 35; Exhibit 2, page 7, para. 43).

    b.    He requests this Court to Order the EEOC and the Oklahoma Human Rights Commission to redraft their "regulations and policies" (presumably) to strike the "*less than 15 employee rule*" found in 42 U.S.C. § 2000e(b).  (Exhibit 1, page 7, para. 34; Exhibit 2, page 7, para. 44).

    c.    He has requested this Court to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the *less than 15 employee rule* under 42 U.S.C. § 2000e(b) unconstitutional.  (Exhibit 1, page 7, para. 36; Exhibit 2, page 8, para. 45).

## ARGUMENT AND AUTHORITY

## PROPOSITION I

### THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST THE OKLAHOMA HUMAN RIGHTS COMMISSIONER FOR LACK OF VENUE

This Court should dismiss Defendant Oklahoma Human Rights Commissioner from this lawsuit pursuant to FRCP Rule 12(b)(3) for "lack of proper venue" and/or "*forum non conveniens.*" Sea *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Where a case involves more than one defendant, or more than one claim against a defendant, venue must be proper as to each defendant and as to each claim. See *Mult-Media International, LLC v. Promag Retail Services*, 343 F.Supp.2d 1024, 1033 (D. Kan. 2004). The undisputed factual evidence in Plaintiff's Complaint is that he is asking this Court to accept venue of his claims against the Commissioner for the Oklahoma Human Rights Commission based on the fact that Plaintiff represents a class consisting of all individuals "located throughout the United States and its territories" who do or in the future will work for employers who have less than 15 employees and who discriminate against those employees. (Exhibit 2, page 2, para. 3 & 7). Yet, the Oklahoma Human Rights Commissioner can only make decisions based on state law and state regulations, and has no authority over any individuals who work out side the State of Oklahoma. *See* 25 Okla. Stat. ("O.S.") § 1101 - 1901 & Oklahoma Administrative Code ("OAC") § 335:1-1-1 through § 335:25-1-7.[1] Neither Plaintiff nor the Oklahoma Human Rights Commission reside or have their principle place of business in the District of Columbia. Furthermore, according to Plaintiff's Complaint, it appears as though all

---

[1] Oklahoma's Administrative Code can be found online at http://www.oscn.net, under "Legal Research." Click on "Oklahoma Administrative Code and Oklahoma Register (Secretary of State)" then "View Code" and then scroll down to "Title 335."

4

potential witnesses and/or evidence would be in Oklahoma, not the District of Columbia. Therefore, this Court should dismiss Plaintiff's Complaint for lack of proper venue and/or for "*forum non conveniens*" as Plaintiff's claims are much too broad and would involve claims by individuals not under the jurisdiction of the Oklahoma Human Rights Commission, and all potential witnesses and evidence appear to be in the State of Oklahoma, rather then in the District of Columbia.

**PROPOSITION II**

**THIS COURT SHOULD DISMISS PLAINTIFF'S
COMPLAINT AGAINST THE OKLAHOMA HUMAN
RIGHTS COMMISSIONER FOR LACK OF SUBJECT
MATTER JURISDICTION AND/OR FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff alleges that this Court has jurisdiction to hear his claims pursuant to 28 U.S.C. §1331. (Exhibit 2, page 1, para. 1). However, "[t]he district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by [the United States] Constitution and [federal] statute." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611, U.S.,2005, quoting, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "In order to provide a federal forum for plaintiffs who seek to vindicate **federal rights**, Congress has conferred on the district courts original jurisdiction in **federal-question cases** -civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331." *Id*. at 2616-17. (**Emphasis** added). Plaintiff's Complaint does not allege a **federal question** against the Oklahoma Human Rights Commissioner. See also, *McGrath v. Weinberger*, 541 F.2d 249 (10th Cir. 1976), *cert. denied*, 97 S.Ct. 1557, 430 U.S. 933 (the Declaratory Judgment Act does not bestow independent jurisdiction to the Federal Courts, and a Plaintiff cannot base federal jurisdiction on that Act alone).

Plaintiff's only requested relief against Defendant Oklahoma Human Rights Commissioner is for this Court to issue an order requiring the Oklahoma Human Rights Commission to redraft the **state of Oklahoma's** "regulations and policies" giving it jurisdiction to investigate and presumably hear complaints from individuals who are employed by an employer who has ***less than 15 employees*** and who have been discriminated against on the count of their "race, color, religion, sex, or national origin." (Exhibit 2, page 7, para. 44). Plaintiff's other two requested forms of relief, - an injunction against the President of the United States (Exhibit 2, page 8, para. 43) and, - a declaratory judgment holding 42 U.S.C. § 2000e(b) unconstitutional (Exhibit 2, page 8, para. 45), have nothing to do with the State of Oklahoma, the Oklahoma Human Rights Commission or its Commissioner.

***Oklahoma's*** "regulations and policies" found at OAC § 335:1-1-1 through § 335:25-1-7 were promulgated and implemented pursuant to Oklahoma's Anti-Discrimination Act ("Oklahoma ADA") found at 25 O.S. § 1101 *et seq.* That Act does provide that "[t]he general purposes of [the] act are to provide for execution within the state of the policies embodied in the federal Civil Rights Act of 1964, the federal Age Discrimination in Employment Act of 1967, and § 504 of the federal Rehabilitation Act of 1973 to make uniform the law of those states which enact this act, and to provide rights and remedies substantially equivalent to those granted under the federal Fair Housing Law." 25 O.S. § 1101. Even so, the Oklahoma Courts have struggled over the Act's implementation with most of the focus being on "what rights does the Oklahoma statute create" and/or "what kind of cause of action or remedies does the Act provide." See, e.g., *Tate v. Browning-Ferris, Inc.*, 1992 OK 72, 833 P.2d 1218 (Oklahoma's recognition of a private cause of action ["*Burk*-tort"] for an "at will" employee for racial discrimination pursuant to the public policy created by the Act); *Collier v. Insignia Commercial Group*, 1999 OK 49, 981 P.2d 321 (Oklahoma's recognition of a private

6

cause of action ["*Burk*-tort"] for an "at will" employee for gender based sexual harassment discrimination pursuant to the public policy created by the Act); *Saint v. Data Exchange, Inc.*, 2006 OK 59 (Oklahoma's recognition of a private cause of action ["*Burk*-tort"] for an "at will" employee for Age discrimination pursuant to the public policy created by the Act); *Brown v. Ford*, 1995 OK 101, 905 P.2d 223 (equal protection challenge to 15 employee rule based on sexual harassment where the Court held no violation of Fourteenth Amendment); *Atkinson v. Halliburton Co.*, 1995 OK 104, 905 P.2d 772 (handicap discrimination; exhaustion of administrative remedies is jurisdictional requirement under Oklahoma ADA).

Despite the "general purpose" of the Act expressed in 28 O.S. § 1101, the overwhelming *theme* that the Oklahoma Courts do agree on, is that the Oklahoma ADA is distinctly an "Oklahoma" Act. *Tate v. Browning-Ferris, Inc.*, 1992 OK 72, 833 P.2d 1218. That *theme* is consistent with the United State Supreme Court's view that "Title VII [is] a floor beneath which federally provided protection may not drop rather than a ceiling above which it may not rise[,]" and the Supreme Court's recognition that the States can and do have independent anti-discrimination acts that can provide rights and remedies both different in kind and effect than the Federal Civil rights statutes. *California Federal S. & L. Assn. v. Guerra*, 479 U.S. 272, at 285, 107 S.Ct. 683, 689, 93 L.Ed.2d 613, 623 (1987) and *Tate v. Browning-Ferris, Inc.*, 1992 OK 72, at ¶ 6, 833 P.2d 1218, at 1222.

The Oklahoma ADA, like Title VII, does define "employer" as "a person who has fifteen or more employees". 25 O.S. § 1301(1). However, such is not a "jurisdictional" requirement. The Oklahoma Human Rights Commission's jurisdiction is expressed under OAC § 335:10-1-2:

> Pursuant to Title 25 O.S. 1981 § 1101 et seq., the Oklahoma Human Rights Commission has jurisdiction over complaints alleging discrimination in employment, public accommodations and housing on the basis of race, color, religion, sex, national

7

origin, age or handicap. In respect to housing, the Oklahoma Human Rights Commission also has jurisdiction over complaints alleging discrimination based on familial status.

There is no **expressed** "jurisdictional" restriction under that administrative rule that would limit the Commission in its investigation of "complaints alleging discrimination in employment, public accommodations and housing on the basis of race, color, religion, sex, national origin, age or handicap" to employers with **less than 15 employees**. There is only the statutory definition of who is defined as an "employer" under the Act. 25 O.S. § 1301(1). There are no other "regulations and policies" under either the Act or the Oklahoma Administrative Code that address the **less than 15 employee rule**. Plaintiff's requested relief would require the Oklahoma Human Rights Commissioner to interpret 25 O.S. § 1301(1) as a "jurisdictional requirement"; something the Oklahoma Courts have not done.

In a remarkably similar case to Plaintiff's Complaint, *Brown v. Ford*, 1995 OK 101, 905 P.2d 223, the Oklahoma Supreme Court was asked to decide whether the Oklahoma ADA **less than 15 employee rule** violated the equal protection clause of the Fourteenth Amendment. In holding that the Act's **less than 15 employee rule** did not offend the Fourteenth Amendment, the Court held that:

> Brown's argument would have us conclude that the legislature's refusal to extend the sexual harassment remedy to persons engaged in a workplace of less than fifteen employees is constitutionally infirm when measured by the equal protection standards. Under the U.S. CONST. amend. XIV, _ 1,7 if legislative classifications are neither violative of a constitutional or fundamental right nor based upon a suspect classification - i.e., race, gender, illegitimacy or alienage, they must be deemed presumptively valid so long as they are found to be rationally related to legitimate state interests. A legislature is vested with wide discretion in passing laws which have the inevitable effect of treating some people differently from others. These principles, which accord with federal and Oklahoma fundamental law and with this State's extant jurisprudence, recognize the power of the legislature to classify people for disparate substantive-law treatment.

8

In enacting 25 O.S. 1991 §§ 1101 et seq., Oklahoma's Anti-Discrimination Act, the legislature doubtless sought to avoid imposing upon small shops the potentially disastrous expense of defending against a **state-law claim** for workplace discrimination, whether based upon offending sexual conduct or on other grounds. We do not find this legislatively declared objective offensive to the Fourteenth Amendment's equal protection clause, to our own fundamental law, or to extant State jurisprudence. Neither private employment nor freedom from sexual harassment within the workplace environment is a fundamental right which must be surrounded by the shield of state law. The legislative purpose in enacting 25 O.S. 1991 § 1302 bears a rational relationship to a permissible state objective and the challenged statute is gender neutral. In short, only where the employer has fifteen or more employees does the enactment under consideration cover offending sexual conduct in the workplace, regardless of the actor's or the victim's gender." (*Citations omitted*) at 226-7. (Emphasis added).

The Oklahoma Supreme Court could have ruled that the *less than 15 employee rule* was a "jurisdictional" requirement, but it did not do so. The Oklahoma Supreme Court's interpretation of the Oklahoma ADA is consistent with the United States Supreme Court's interpretation of Title VII's *less than 15 employee rule* found at 42 U.S.C. § 2000e(b). In a case decided February 22, 2006, the United States Supreme Court held that 42 U.S.C. § 2000e(b) did not create a jurisdictional bar to recovery, but was instead a statutory requirement/defense that could be waived if not raised before Trial. *Arbaugh v. Y & H Corporation*, 126 S.Ct. 1236.

Therefore, since the Oklahoma Human Rights Commission is accepting complaints and conducting investigations based on *State law*, not federal law, then this Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction as there is no "federal question" for this Court to decide, but merely an interpretation of State law and state administrative jurisdiction. In order to grant Plaintiff's requested relief, this Court would have to order the Oklahoma Human Rights Commissioner to, first, interpret the Oklahoma ADA *less than 15 employee rule* as a jurisdictional requirement, and then, second, order the Commissioner to accept complaints and

investigate such complaints, despite Oklahoma's statutorily expressed rationally based policy in defining "employers" as those persons with 15 or more employees.  25 O.S. § 1301(1).

Furthermore, this Court should dismiss Plaintiff's Complaint against the Oklahoma Human Rights Commissioner for failure to state a claim upon which it can grant relief pursuant to FRCP Rule 12(b)(6).  The Oklahoma Anti-discrimination Act does not create a "classification" based on a suspect group, such as "race, color, religion, sex, or national origin".  The Act instead merely creates a non-suspect group "classification", i.e., "employees who work for employers with less than 15 employees" verses "employees who work for employers with 15 or more employees."  Therefore, the rationale basis of the State (like that of the Federal government) "to avoid imposing upon small shops the potentially disastrous expense of defending against a state-law claim for workplace discrimination" should be observed by this Court.  *Brown v. Ford*, 1995 OK 101, 905 P.2d 223.  (See also, *Schweiker v. Wilson*, 450 U.S. 221, 101 S.Ct. 1074 (1981) (Courts are ill equipped to establish ***policy issues***)).

Likewise, Plaintiff has no First Amendment, procedural due process, or "un-enumerated penumbra" right against the Oklahoma Human Rights Commissioner, because the Oklahoma ADA does not prohibit or forbid anyone from filing a claim based on racial discrimination in Oklahoma, nor does it prevent him, his "day in Court" through an unconstitutional procedure.  In Oklahoma, Plaintiff could have a ***Burk*** cause of action against his former employer if in fact he was terminated because of his race.  (See *Tate v. Browning-Ferris, Inc.*, 1992 OK 72, 833 P.2d 1218.) Furthermore, as discussed earlier, there is nothing under the Oklahoma Human Rights Commission's Administrative Rules that would prevent it from investigating racial discrimination based on an employee's complaint against an employer who has less than 15 employees.  OAC § 335:10-1-2.

10

Therefore, Plaintiff's Complaint against the Oklahoma Human Rights Commissioner should be dismissed.

Finally, this Court should abstain from hearing any claim against the Oklahoma Human Rights Commissioner where this Court would have to interpret State law based on the Oklahoma Legislature's policy decision in drafting the Oklahoma ADA so as "to avoid imposing upon small shops the potentially disastrous expense of defending against a state-law claim for workplace discrimination". *Brown v. Ford*, 1995 OK 101, 905 P.2d 223. (See also, *Schweiker v. Wilson*, 450 U.S. 221, 101 S.Ct. 1074 (1981)(Courts are ill equipped to establish ***policy issues***); see also, *Burford v Sun Oil Co.*, 319 US 315, 87 L Ed 1424, 63 S Ct 1098, *reh den* 320 US 214, 87 L Ed 1851, 63 S Ct 1442; *Railroad Com. of Texas v Pullman Co.*, 312 US 496, 85 L Ed 971, 61 S Ct 643 (In *Pullman* the Supreme Court held that federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided. The *Pullman* doctrine rests on the desirability of avoiding unnecessary decisions of constitutional issues)).

## <u>CONCLUSION</u>

This Court should dismiss Plaintiff's Complaint for lack of proper venue and for lack of subject matter jurisdiction. Plaintiff's requested relief would require this Court to interpret the State of Oklahoma's laws and administrative rules, and does not involve a federal question "aris[ing] under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331.

11

Therefore, Defendant Oklahoma Human Rights Commissioner requests this Court to dismiss him from this lawsuit.

Respectfully submitted,


s/ Kevin L. McClure
**KEVIN L. McCLURE, OBA #12767**
Assistant Attorney General
Office of Attorney General
State of Oklahoma
Litigation Section
313 N.E. 21st Street
Oklahoma City, Oklahoma  73105
Tele: (405) 521-4274   Fax: (405) 521-4518
Kevin_McClure@oag.state.ok.us

Attorney for Defendant Oklahoma
Human Rights Commissioner


### CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2006, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and served the foregoing document by U.S. Mail, postage prepaid, on the following person who is not a registered participant of the ECF System:

Zack McCain, III
816 West Nevada
Chickasha, OK  73018
Plaintiff *pro se*


s/ Kevin L. McClure
Kevin L. McClure


12

**FILED**

SEP 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**RECEIVED**

OCT 1 3 2006

ATTORNEY GENERAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZACK McGain III, and on behalf of all

those similarly situated. Phone-#405-

224-0830

816 West Nevada

                    PLAINTIFF

Chickasha, Oklahoma 73018

                    vs.

United States of America; Equal

Employment Opportunity Commissioner;

Oklahoma Human Rights Commissioner;

All sued Officially of their re-

spective Offices

                    DEFENDANTS

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION_____

CLASS ACTION

CASE NUMBER  1:06CV01701

JUDGE: Royce C. Lamberth

DECK TYPE: Employment Discrimination

DATE STAMP: 9/29/2006

## PRELIMINARY STATEMENTS

This is a Civil Action being commenced by a African American
citizen, by Class Action, on behalf of all those similarly situated,
Challenging the Constitutionality of subsection (b) of the Historical
Ninthteen Sixty Four, Civil Rights Act, as Amended, Excluding employ-
ers who have less than 15 employees from the coverage of the Act, which
caused Racism and a sham of the Act, as applied to the instant case,
thereby violating several Fundamental Rights of the plaintiff and
Class, Constitutional Protection. Seeking Injunctive Relief under
Title 5 United States Codes, Section 702

**RECEIVED**

SEP 0 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DEFENDANT'S
EXHIBIT

_____1_____

JURISDICTION

1. This Court Jurisdiction is invoked under Title 28 United
United States Codes, Section 1331.

PARTIES

2. Plaintiff is the representative of the Class, and he reside-
es at Eight Sixteen West Nevada, Chickasha, Oklahoma 73018.

3. Class of citizens are residents of their respective States
throughout the United States and its territories.

4. United States of America (Hereinafter US) is Responsible for
all Federal Laws that are signed into law by President George W.
Bush, or any of his successors. He's ultimately  governes the Ex-
ecutive Branch of the US. His office is located at Sixteen Hundred
Pennsylvania Ave, N.W. WASHINGTON, D.C. 20500.

5. Equal Employment Commissioner(Hereinafter EEOC) is a Agency
under the US-Executive Branch, and Chairman Ms. Carrie Deominguez
Administers this Agency. It enforces anti-discrimination laws ag=.
ainst employers who have 15 or more employees for each working day
in each of the twenty or more calendar weeks in the current or pre-
ceding calendar year. She's located at 1800 L. Street, N.W. Washingt-
on, D.C. 20507.

6. Oklahoma Human Rights commissioner(OHRC) policies, and laws,
mirrors EEOC employment anti-discrimination laws, and requirements,
The two have a work share agreement. Oklahoma Governor, Brad Henry,
ultimately governes this Agency, through the Executive Branch. He's
located at 2300 N. Lincoln blvd, Oklahoma City, Oklahoma 73105-4904

PAGE-2

## CLASS ACTION ALLEGATIONS

7. This action is brought, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and on behalf of the plaintiff and Class of all those similarly situated, who are either now, or in the future will be subjected to subjected to discriminatory treatment either on the account of their race, color, religion, sex, or national origin(Excluding by terms the US, a corporation wholly owned by the United States Government, and Indian Tribes, or any department or Agency of the District of Columbia, or a bonifide membership club( Other than a Labor Organization). And sought relief through the EEOC or OHRC(or such State respective Agency that handles such matters) and was turned away as result of their respective employers not having 15 or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year, or any agent of such employer that effect commerce. Insofar, such persons numbers are exhaustive at a minimum of 300,000 or more people, and therefore, are so numerous as to make it impractical to bring them all before the court. There are questions of law and fact presented herein, which are common to the entirer class of persons that are represented by the plaintiff, and the claim the plaintiff setforth, are typical ßfr the claims of all members of the class. Plaintiff is qualified to, and will fairly and adequately protect the Interest of each and all of the members of the class.

8. At all times relevant to this complaint, defendants acts or and jointly acts under the color of federal law.

(9). On July 2, 1964, President Johnson signed into law Title VII, of the Civil Rights Act of Ninthteen Sixty Four, which was amended through the next few decades to provide extra protection for victims of discrimination, among other things.

(10). Subchapter (b) states "employer means a person in an industry affecting commerce who has fifteen or more employees for each working day in twenty or more calendar weeks in the current or preceding calendar and any agent of such a person."

(11). Subchapter (b) above is the subject of this suit.

(12). On or about April 5, 2005 plaintiff begin working for the Chickasha SOD&GRASS Farm, and begin laying grass around a base-ball field that was being constructed behind the Chickasha S.Walmart.

(13). Jerry(White male), Supervisor, jokingly used the "n" word as he shared his story of being mistaken as a n___ger when he frequent a local club with other blacks during admissions, which discourage him from returning, to other non-black employees.

(14).Plaintiff asked Jerry to stop using the n word around him.

(15).Jerry stated "Let me stop before someone say Iam a racist"

(16).Jerry told the plaintiff he didn't need him anymore at the end of the day(When everyone went home).

(17). Plaintiff contacted EEOC, and spoke with Charles Morton, and requested to file a charge against Jerry.

(18). Investigator, Mr. Morton stated "How many employees they have?"

(19). Plaintiff stated "About six or seven.

20. Charles Morton stated " We dont have jurisdiction if they dont have 15 or more employees".

21. Plaintiff contacted EEOC HeadQuarters via phone, and spoke with Naomi, Assistant for Ms. Deominuez, inquiring about the minimum of 15 employee, before the EEOC could investigate.

22. Ms. Naomi said it was true what Mr. Morton said about the EEOC not having jurisdiction, if the emplyer had less than 15 employees working for them.

23. Plaintiff contacted the OHRC, and spoke with a Investigator, Tia-Chin-Harrison, inquiring whether or not their policy or laws was similiar as it pertain to the 15 or more employee requirement, before they could initiate a investigation.

24. Tia-Chin-Harrison advised the plaintiff that it was a requirement that the Employer have the minimum of 15 employees, before they could investigate; And turned the plaintiff away.

25. On information and belief, the Class has been called a racial slur, indirectly, or directly, or plainly discriminated against on account of their sex, race, national origin, color, religion; And was unable to file a charge with the EEOC(Or State Agency).

26. Plaintiff receive no notice or hearing after being denied services from the EEOC, and OHRC.

27. Other citizens who were similarly situated, was capable of using the services from the EEOC, or OHRC, because their employer had 15 or more employees working for them.

28. On information and belief, the Class was also denied the opportunity to receive benefits from the EEOC or Human Rights Commission of their respective States, and receive no notice or hearing.

29. Chickasha Sod&Grass does business across the State line, into Texas, and therefore effect commerce.

30. Plaintiff and Class has no adequate remedy at law, and being irreparably injured by the acts of the defendants, unless this Court grant them the injunctive relief their seeking..

## COUNT-1

31. By US creating Title VII with subchapter (b) thats described in paragraph 10, of the complaint, excluding the plaintiff and Class of the instant complaint from protection, as result of them working for a employer who had less than 15 employees, but insofar effect commerce, caused the EEOC to act jointly with OHRC (Or State Human Rights Commission) to refuse to offer their services to possibly initiate a Investigation and enforce their anti discrimination laws that are under their authority, to the Plaintiff and Class; Although, affording such services to citizens who work for employers who have 15 or more employees, consequently, depriving the Plaintiff, and Class, from their protection under the Equal Protection, Due Process Clause of the 5th Amendment(14th for State) to the United Constitution..

## COUNT-2

32. By incorporating all statement stated in paragraph 31, as setforth herein, making the plaintiff and class pick and choose between the protection from their Federal Rights and choice of place of employment to secure finance, and well being, subsequently, depriving the plaintiff and class, from the protection given by the 9th Amendment (14th Amendment for the State) to the United States Constitution.

COUNT-3

33. By incorporating all statements in paragraph 31, 32, as setforth herein, and subsequently, depriving the Plaintiff and Class of their property interest to receive an Investigation, and possible findings of discrimination there from, without a adequate notice or hearing as required by the Due Process Procedural protections, under the 5th Amendment(14th Amendment for the State) to the United States Constitution.

34. Issue a Preliminary Injunction, Instructing the EEOC, and OHRC, or the Human Rights Commission in any Respective State who's part of the Union, to process and Investigate all complaints alleging a violation of the Ninthteen Sixty Four, Civil Rights Act, as amended, by Employers who have less than 15 employees working for them, and business effect interstate commerce.

35. Issue a additional Order, Instructing the US to change their laws, excluding subchapter (b) that defines a employer as a person in an industry affecting commerce who has fifthteen or more employees, by strickening the 15 minimum requirement, and adding appropiate language that applies to all persons that violate it.

36. Pursuant to Title 28 U.S.C section 2201, 2202, a Declaratory Judgement, stating : By the US adding subchapter (b) to the Ninthteen Sixty Four Civil Rights Act, which excluded employers who had lesser than 15 employees, from coverage of the Act, trangressed the plaintiff and Class Rights to "Equal Justice" under the United States Constitution; And further discriminated against employers, who had 15 or more employees, unreasonably....

PAGE-7

WHEREFORE, Plaintiff respectfully request that the Court Grant him any appropiate Attorney's fee's, cost, and any other relief that it deem just.


August 14, 06

ZACK McCain III-405-224-0830
Representative
815 West Nevada Ave,
Chickasha, OKlahoma 73018

**RECEIVED**

OCT **2 0** 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

ZACK McCain, III and on behalf of all those
similarly situated.

    Plaintiff

      vs.

United States of America; Equal Employment
Opportunity Commission; Oklahoma Human
Rights Commissioner; Sued Officially of their
Respective Entities.
    Defendants.

CIVIL ACTION <u>061701-RJL</u>

**CLASS ACTION**

**AMENDED COMPLAINT**

## PRELIMINARY STATEMENTS

      This is an amended Civil Action being commenced by an African American citizen, by Class

Action, on behalf of a Class of all those similarly situated, Challenging the Constitutionality of subsection

e(b) of Title 42 U.S.C. 2000 of the 1964 Civil Rights Act, which excludes all Employers from

the coverage of the Act, (Small Businesses that effect commerce) who have less than 15 employees,

and gives a escape clause to those who choose to continue the "good old Boy System," and further

racism and discriminatory treatment within a working environment, and makes a sham out of the Act,

thereby violating several fundamental rights and other Constitutional protection of the Plaintiff and Class.

Plaintiff and Class seeks Judicial Review of the Constitutionality of Subsection e (b) of the Act, under Title

<u>5</u> United States Codes, Section <u>702.</u>

## JURISDICTION

    1. This Court Jurisdiction is invoked under Title 28 United States Codes, Section 1331.



DEFENDANT'S
EXHIBIT
2

1

## PARTIES

2. Plaintiff is the representative of the Class, and he resides at 816 West Nevada Chickasha, Oklahoma 73018.

3. Class of citizens is located throughout the United States and its territories, which choose to work for a small businesses.

4. United Sates of America (Hereinafter US) is responsible for all Federal Laws that are signed into Law, by President George W. Bush, and any of his predecessors or successors. He's the Chief Executive Officer of the United States, and of the Executive Branch of the United States. He's under **Oath** to uphold the United States Constitution. He's located at 1600 Pennsylvania Ave, N.W. WASHINGTON, D.C. 20507.

5. Equal Employment Opportunity Commissioner (Hereinafter EEOC) is a Agency under the US-Executive Branch and Ms. Carrie Deominguez is the chair person of this Agency. It enforces antidiscrimination laws against Employers with 15 or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year. She's also under **Oath** to uphold the United States Constitution. She's located at 1800 L. Street, N.W. WASHINGTON D.C. 20507.

6. Oklahoma Human Rights Commissioner (Hereinafter OHRC) policies and laws, under the Supremacy Clause of the United States Constitution, mirrors the EEOC Employment anti-discrimination laws and requirements. The two has a work share agreement. Chairman of this Agency is Keith Mcartor, under Brad Henry who's the Oklahoma State Chief Executive Officer for the State, through the State Executive Branch. He's also under **Oath** to uphold the United States Constitution. He's located at 2300 N. Lincoln Blvd, OKLAHOMA CITY, OKLAHOMA 73105-4904

2

## CLASS ACTION ALLEGATIONS

7. This action is brought, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and on behalf of the Plaintiff and Class of all those similarly situated, who are either now, or in the future will be subjected to discriminatory treatment either on the account of their race, color, religion, sex, or national origin (Excluding by terms the US, a corporation wholly owned by the United States Government, and Indian Tribes, or any department or Agency of the District of Columbia, or a bonifide membership club(Other than a Labor Organization). And sought relief through the EEOC or OHRC (or such State respective Agency that handles such matters) and was turned away as result of their respective employers not having 15 or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year, or any agent of such employer that effect commerce. Insofar, such person numbers are exhaustive at a minimum of 300,000 or more people, and therefore, are so numerous as to make it impractical to bring them all before the court. There are questions of law and fact presented herein, which are common to the entire class of persons that are represented by the plaintiff, and the claim the plaintiff setforth, are typical of the claims of all members of the class. Plaintiff is qualified to , and will fairly and adequately protect the Interest of each and all of the members of the class.

8. At all times relevant to this complaint, defendants either acts jointly or directly under the color Of federal law.

## "FACTS"

9. On July 2, 1964, President Johnson signed into law Title VII, of the Civil Rights Act of 1964, which was amended through the next few decades to provide extra protection for victims of discrimination, among other things.

10. Subchapter e(b)of Title 42 U.S.C. 2000 states "employer means a person in an industry effecting commerce who has fifteen or more employees for each working day in twenty or more calendar weeks in the current or preceding calendar and any agent of such a person."

11. Subchapter e(b) above is the subject of this suit.

12. On or about April 5, 2006 plaintiff begin working for the Chickasha SOD&GRASS Farm, and begin laying grass around a baseball field that was being constructed behind the Chickasha Super Wal-Mart.

13. Jerry(White male), Supervisor, jokingly used the "n" word as he shared his story of being mistaken as a n_ gger while he frequent a local club with other blacks during admissions, which discourage him from returning, to other non-black employees.

14. Plaintiff asked Jerry to stop using the "word" around him.

15. Jerry stated "Let me stop before someone say I am a racist."

16. Jerry informed the plaintiff that he didn't need him anymore at the end of the day of work.

17. Sometime in April of 2006 plaintiff contacted Charles Morton, EEOC Investigator and requested to file a charge against Jerry at CHICKASHA SOD&GRASS.

18. Mr. Morton stated "How many employees they have?"

19. Plaintiff stated "about six or seven."

20. Charles Morton stated "We don't have jurisdiction if they don't have 15 or more employees."

21. Plaintiff contacted EEOC Headquarters via phone, and spoke with Naomi, Assistant for Ms. Deominuez , inquiring whether the 15 employee requirement was true, before the EEOC could investigate.

22. Ms. Naomi said it was true what Mr. Morton said about the EEOC not having jurisdiction, if the employer had less than 15 employees working them.

23. Plaintiff then thereafter contacted the OHRC, and spoke with Investigator, Tia-Chin-Harrison, inquiring whether or not their policy or laws was similar as it pertains to the 15 or more requirement, before they could initiate a investigation.

24. Tia-Chin-Harrison, advised the plaintiff that it was a requirement the the Employer have a minimum of 15 employees, before they could investigate; And turned the plaintiff away.

25. On information and belief, that Class has been indirectly or directly called a racial slur, or plainly discriminated against on account of their race, sex, national origin, color, or religion, and was unable to file a charge with EEOC(Or State Agency), as result of their employer having less than 15 employees.

26. Plaintiff and Class believes they have an entitlement to investigation and possible findings of discrimination if found by the EEOC, under 1964 Civil Rights, as amended(42 U.S.C. 2000(e).

27. Plaintiff and Class received no adequate notice or hearing thereafter.

28. Chickasha SOD&GRASS goes as far as into Texas to do business, and effect commerce; And plaintiff upon information, and believes that the Class employers does business outside of their States.

29. On or about April 9, 06 plaintiff saw an now hiring sign on Joe's Maytag bill board.

30. Plaintiff went inside and applied, and received an interview on spot with the owner-Joe.

31. Joe stated "What about those people who do not like n_ggers?" during the interview process.

32. Joe later advised the plaintiff that he only says that to black people, not white people.

33. Joe Maytag receives items from Maytag or Whirlpool Manufactures or Distributors, which Primarily are sent to him from another State, whereas he in turn sells for a profit.

34. Such conduct creates risks of discouraging the plaintiff from desiring to secure employment; or The necessary skills to advance him in a career.

35. On information and belief, the class has also been discourage to pursue employment or other skill development programs as result of the past being called the "n" word or plainly discriminated against on the account of their race, sex, color, national origin, religion, disability, or any other protected status.

36. Although, there's other citizens who may file an charge with the EEOC, or their State Human Rights Commission, if they believe they were discriminated against on the account of their race, sex, religion, disability, or any other protected status, and may receive an possible investigation that may reveal Discrimination, and an final finding from the Government Agencies.

37. Plaintiff and Class have no adequate remedy at law, and being irreparably injured by subsection e(b) of Title 42 U.S.C. 2000, unless this court grant him and the class the equitable relief their seeking.

5

### COUNT-1

38. By U.S. taking authority from the commerce clause of Section 8, and the 5th Amendment of the United States Constitution to create Title VII with subchapter e(b) (42 U.S.C. 2000), that's described in paragraph 10, of the instant complaint, excluding the plaintiff and Class from protections, as result of them working for a employer who had less than 15 employees, but insofar effect commerce, caused the EEOC to act jointly with the OHRC(Or State Human Rights Commission) to refuse to offer their services to possibly initiate a Investigation and enforce their anti-discrimination laws that are under their authority, to the plaintiff and class; Although, affording such services to citizens who work for employers who have 15 or more employees, consequently, depriving the plaintiff and class, from their protection,(without any compelling reasons to justify it,) under the Equal Protection, Due Process Clause of the 5th Amendment(14th for the State) to the United States Constitution.

### COUNT-1(A)

39. By incorporating all statements stated in paragraph 38, and abridging the plaintiff and Class rights to Freedom of Speech, and to petition the Government for a redress of a Grievance, by favoring other citizens same rights, in exchange of them, allowing limitation upon their Federal Rights, thereby, depriving the plaintiff and Class(without any truthful compelling interest to justify it) their protection under the Equal Protection, Due Process Clause of the 5th Amendment(14th for the State) to the United States Constitution.

### COUNT-2

40. By incorporating all statements stated in paragraph 38, 39, as setforth herein, through the enumeration of heir powers, and the plaintiff and Class rights from the United States Constitution , to disparage other Natural rights (to make choices without governmental interference) that the plaintiff and Class possess by making them pick and choose between their Federal Rights and choice of places of employment, to secure finance, and well being,, by manipulating and depriving them of their protection under the 9th Amendment (14th for the State) to the Untied States Constitution.

6

## COUNT-3

41. By incorporating all statements in paragraph 38, 39, 40, as setforth herein, subsequently,
depriving the plaintiff and Class of their property or liberty interest to receive an Investigation, and possible
findings of discrimination there from, without a adequate notice or hearing as required by the Due Process
Procedural protection, under the 5th Amendment( 14th Amendment for the State) to the United States
Constitution.

## COUNT-4

42. By incorporating all statements stated in paragraph 38, 39, 40,41, as setforth herein,, through
the enumeration of their powers and the plaintiff and Class rights from the United States Constitution, and
permitting Joe May Tag and the Chickasha SOD & Grass Farm to escape the grasp of the Executive
Branch of the United States, and States, by setting up an criteria under subsection e(b) 42 U.S.C. 2000
causing the risk of the plaintiff and class becoming discourage from pursuing an better lifestyle with
employment and other forms of necessary skills to develop an happier lifestyle, thereby depriving the
Plaintiff and Class of their protection under the 9th Amendment to the United States Constitution

## EQUITABLE-RELIEF.

43. Issue and Injunction Instructing the Chief Executive Officer of the Executive Branch of the
U.S. to follow his Oath and veto any Bill that appears to disparage plaintiff or Class Natural Rights, by
using the powers that are enumerated in the Constitution to do such, in redrafting of Subsection e(b) Title
42 U.S.C. 2000. Moreover, to take care that the 1964 Civil Rights Act, as amended be faithfully carried out.

44. Issue a Additional Order Instructing the EEOC, and OHRC, agents, and Officials to
immediately redraft their regulations and policies that are consistent with this court Order and Judgment to
process the plaintiff and class, or any other citizens who have worked for an employer who had lesser than
15 employees and effected interstate commerce, and believed they've been discriminated against by such
employer or agent, but was unable to file such a charge in the past ,as an result of their employers having

lesser than the said minimum of employees working for them, and allegations showing a possible violation under the 1964 Civil Rights Act, as amended to be process and investigated as it would've been if there wasn't any mandatory minimum mount of employees an employer must have before the EEOC could've enforce their authority under the Act.

45. Pursuant to Title 28 United States Codes, section 2201, 2202, an Declaratory Judgment stating: United States President signing into law, the 1964 Civil Rights Act, with subsection e(b), as described in the instant case, with good intention, and with the purpose and objective to remove obstacles that were well settled, and opposed ancestors of the plaintiff and class, from living free without encountering pervasive racism and discriminatory treatment on the account of their skin color, or features, but to mistaken further such, or moreover, set an criteria up under subsection e(b), although excluding those who may have enough knowledge to use 42 U.S.C. 1981, without the Executive Branch having any part therein, and leaving those who may not be capable of proceeding under 42 U.S.C. 1981, without an Attorney, at prey to discrimination and racism during an working environment, and which was an miscarriage of justice by our Government.

WHEREFORE, Plaintiff request that this court grant him any appropriate Attorney's Fee's, cost, and any other relief that it deems just.

October 10, 2006

Zack McCain III, Representative
Phone-#405-224-0830
816 WEST Nevada
Chickasha, Oklahoma 73018

8