IN THE UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF COLUMBIA

...........................................

ZACK MCCAIN, et,al                     :


    Plaintiffs                             :

vs.                                             Civil Action: 06-1701RCL


United States of America, et,al        :

    Defendants

                                           :

...........................................

**RECEIVED**
**DEC 2 1 2006**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM IN RESPONSE TO STATE DEFENDANT'S MOTION татDISMISS

MOTION TO DISMISS

HISTORY OF CASE

*On about* August 26, 06 plaintiffs brought this case in this court on about himself and seeking to represent an class of persons similarly situated, challenging the Constitutionality of subsection e(b) of Title 42 U.S.C. of the Civil Rights Act of 1964, that excludes employers who have less than 15 employees from the coverage of the Act, the federal question that the plaintiff and Class brings before the court, is whether or not subsection e (b) past Constitutional mustard in relations to the facts of the instant case, and particularly, aims at the impact the subsection have on race relationship during all stages of an working environment.

    Oklahoma Human Rights Commission(State Defendants)Oklahoma State

1

Attorney General, now files this motion to dismiss, asking the court to dismiss the complaint for failure to state an claim, lack of subject matter jurisdiction, and lack of venue.

On the 7th of November 06, plaintiff filed an request for an extension of time due to his terrible situation of being an victim of housing discrimination, and living at the Ranch Inn, where mail Service to guest wasn't allowed, so the plaintiff received the State Defendants Motion to Dismiss almost an week in half later from the date of it, behind the trash can in from of his former resident.

Plaintiff now responds to the State Defendants Motion to Dismiss, with Points and Authorities as required by this Court Local Rule 7(b).

## POINTS AND AUTHORITIES

A.

### POINT . 1

### THIS COURT HAS VENUE AUTHORITY TO HEAR THIS CASE.

State Defendants claims that the plaintiff request that this court invokes its venue Authority over the instant case on the grounds that he seeks to represents an class of persons similarly situated(State Brief at Proposition I). State Defendants misconstrues the complaint, because plaintiff do seeks adjudication of his claims in this court, although not primarily on the grounds of an class of persons that he seeks to represent. Venue is more than proper in this district. **See** Statford v. Briggs, 444 U.S. 527, 545, 100 S. Ct.

774(1980). Venue is outlined as follows when a party seeks injunctive relief against Federal Officials in their official capacity, venue is appropriate any district where

> *1. a defendant in the action resides,*
> *2. a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or*
> *(3) the plaintiff resides if no real property is involved in the action. 28 U.S.C. 1391(e)*

The EEOC main office is in Washington, D.C.(Paragraph 5 of the complaint), its an party in this action. The nucleus of the this action originated in Washington D.C., by the United States Congress, creating subsection e(b) of Title 42 U.S.C. 2000. Venue is proper in this Court.

The gist of the State Defendants argument is that they challenge Venue as it pertain individually to them. Nevertheless, such argument must fail, due to the State Defendants being accused of acting jointly with Federal Officials or their co defendants(EEOC). Whereas several Courts have recognized, and construed against Federal Authrotiy figures for such. Hampton v.Hanrahan 600 F.2d 600, 623(7th Cir. 1979), rev'd in part, 446 U.S. 754(1980). And to act under color of State law if carrying out State law in an particular case. Terrell v. Petrie, 763 F. Supp. 1342, 1344(E.D. Va. 1991) affd, 952 F.2d 397(4th Cirl. 1991). Plaintiff don't see why such precedents wouldn't be applicable to state officials who act out the same as federal officials. Or private citizens. Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183(1980). Plaintiff accuses the State Defendants of acting jointly with the EEOC as they enforce their anti-discrimination laws against the plaintiff and citizens alike who had work for an employer

with less than 15 employees, in mirror of the 1964 Civil Rights Act requirements and coverage.

## POINT 2

## THE COMPLAINT STATES AN CLAIM AND THIS COURT HAS SUBJECT MATTER JURISDICTION.

B.

*A colorable claim* is the question whether or not a federal court have subject matter jurisdiction, arising under the Constitution or laws of the United States. See Bell v. Hood, 327 U.S. 678, 681-685Z (1946).

Because it involves an Court power to hear a case or not, it can never be forfeited or waived. *United States v. Cotton, 535 U.S. 625, 630(2002). Additionally, Courts, including this one, have an obligation to determine whether subject matter jurisidiction exist, even in the absence of a challenge from any party. Plaintiff believes that such obligation was met in this case, from the stringent scrutiny that forma pauperis complaints normally goes through before the Court orders issuance of summons, which federal courts have authority to do. 28 U.S.C. 1915(d).*

State defendants final frivolous argument is that the plaintiff failed to state an claim where relief may ge granted (Proposition II, page 5). Plaintiff brings an Constitutional Challenge to an subsection of the 1964 Civil Rights Act that discriminates among citizens who work for an smaller company than their fellow citizens who chose larger company to seek employment with(**See** face of complaint, And all claims.) Title 28 United States Codes, Section 1331 gives this Court subject

4

matter jurisdiction over matters pertaining to the United States Constitution, laws, or treaties of the United States. This Court has subject matter jurisdiction over this case.

### SUBPOINT-1

### PLAINTIFF STATES AN CLAIM UNDER THE UNITED STATES CONSTITUTION.

The Fourteenth Amendment forbids a state to deny any person within its jurisdiction the Equal protection of the laws. <u>See</u> U.S. Const., Amend. XIV. Federal Government is under theSame legal obligation to obey the same legal standard as the State <u>Weinberger v. Wiesenfeld,</u> 420 U.S. 636, 638 n2, 95 S.Ct, 1225(1975).

The Constitution doesn't requirer exact equal treatment, it condones unjustified discrimination. Courts uses unique standards to determine whether or not an rule or restriction past the test. In cases involving an Fundamental right or suspect class, the court applies strict scrutiny to the Government actions, which requires the Government to show an compelling justification for their actions. This standard forces officials like the State Defendants, and the Federal Defendants to produce an compelling reason for the enforcement of subsection e(b)of 42 U.S.C. 2000, allowing small businesses like Joe Maytag and the Chickasha Sod Grass to discriminate on bases of race, and beable to circumvent the EEOC or the Oklahoman Human Rights Commission.

State defendants shallow justification for their actions were conflicting. On one hand State defendants contend that the Oklahoma ADA doesn't prohibit or forbid anyone from filing a claim Based on racial discrimination in Oklahoma, nor does it prevent the plaintiff his day in Court(Paragraph 9, page 10, under Proposition II), In complete

contrast it states in its brief

> *..in enacting 25 O.S. 1991 Sections 1101 et seq., Oklahoma's Anti-Discrimination Act, the Legislature doubtless sought to avoid imposing upon small shops the potentially disastrous Expense of defending against a **state-law claim** for workplace discrimination, whether based Upon offending sexual conduct or on other grounds. We do not find this legislatively declared Objective offensive to the Fourteenth jurisprudence. Neither private employment nor freedom From sexual harassment within the workplace environment is a fundamental right which must Be surrounded by the shield of state law. The legistative purpose in enacting 25 O.S. 1991 Secion 1302 bears a rational relationship to a permissible state objective and the challenged statue is gender neutral. In short, only where the employer has fifteen or more employees does the enactment under consideration cover offending sexual conduct in the workplace, regardless of the actors or the victims gender.."Citations omitted at 226-7. (Emphasis added).*

The above is a partial text from an ruling in Brown v. Ford, 1995 OK 101, 905 P.2D 223, where the case deals with sexual harassment, and doesn't outright challenges the rule that fails to covers employers with less than 15 employees as it pertains to State and Federal Government initiating investigations(OHRC or EEOC) concerning allegations of an citizen alleging he been called the n word or discriminated against.

In stark contrast to the plaintiff instant case, whereas, the plaintiff challenges subsection e(b) On the grounds that's its application to the plaintiff and class, whereas they're unable to file an complaint to an State or Federal Agency for redress as result of an restriction or requirement that the employer have working for them 15 or more employees before the defendants may investigate an claim of work related discrimination. Brown doesn't say anything about Government Agencies actions in relation to offending the United States Constitution. Nor does any of the State defendants cases stated in its brief.

The gist of the plaintiff complaint is that United States Congress created an rule as an requirement so that Businesses who have less than 15 employees wouldn't be effected by the EEOC or any State Human Rights Commission, which the impact unjustified discriminated against the plaintiff and class.

The State Defendants two faced argument, and implied justification for joining forces with the EEOC to discriminate against the plaintiff and class due their concern of imposing disastrous expenses on small shops who may defend against lawsuits due to their discrimination. Plaintiff thinks is ludicrous, and doesn't justify anything. Same argument could be used in applying same theory onto an smaller entity or weaker race of people. It certainly doesn't concur with the doctrine of "Equal Justice" for all.

The reasons undermines the very reasons that Congress enacted the 1964 Civil Rights Act, from the very beginning. Griggs v. Duke Power Co, U.S.N.C. 1971, 91 S. Ct. 849, 401 U.S. 424, 28 L.Ed.2d 158. Also see Title 42 U.S.C. 1981 " (a) Statement of equal rights –"..All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence…" Such text is explicit by Congress intentions to procure that every citizen have the same rights to sue and be parties, and give evidence. Subsection e(b) of 42 U.S.C. 2000 prevents the plaintiff and class from being able to enjoy the opportunity to complete an EEOC or State HRC complaint form, inorder for them to investigate, and make findings that could assist them in an ultimate Court Action that may follow.

There's three ways that discrimination can be shown: (1) a law or policy that explicitly classifies citizens on the basis of race; (2) a facially neutral law or policy which is applied differently on the basis of race; or (3) a facially neutral law or policy that was motivated by discriminatory intent and has a racially discriminatory impact, even if it is applied evenhandedly. Antonelli v. State of New Jersey, 310 F. Supp.2d 700, 714 (D.N.J. 2004), citing Hunt v. Cromartie, 526 U.S. 541, 546, 119 S. Ct 1545, 143 L.

Ed. 2d 731(1999); Village of Arlington Heights, supra, and

Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed 2d 220 (1886).

Nevertheless, taking the State defendants argument in perspective under the rationality test that the court uses to determine if unequal treatment is justified. To creat an rule or restriction to protect an group of business owners from future liability, is against rationality, and the laws of the United States itself. See .. 1981(a) which states:

> All persons within the jurisdiction of the United States shall have the same right
> In every State and Territory to make and enforce contracts, to sue, be parties, give
> evidence, and to the full and equal benefit of all laws and proceedings for the security
> Of person and property as is enjoyed by white citizens, and shall be subject to like
> Punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The above text makes clear that Congress intentions in regards to discrimination, It left no room or favor any group of citizens or people when came to such. Grutter v. Bollinger, 539 U.S. 306(2003) and Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375(1982)

Congress is basically contradicting itself by its enacting 42 U.S.C. 1981, because its clear that the text requires that people are treated the same when it comes to punishment, pains, penalties, Taxes, licenses, and exactions of every kind, and to no other. In turn to defend an rule that does the opposite by allowing small businesses to circumvent the 1964 Civil Rights Act enforcements. It makes the United States Congress appear to be indecisive when it comes to discrimination. Or may have certain Congressman views changed since the passing of the Act. Certainly the courts and citizens shouldn't be forced to wrestle with Congress intentions and purposes behind their legislation, that comes in conflict with each other.

This alone shows the irrationality of subsection e(b) of 42 U.S.C. 2000. as its

8

applied to the instant case. It violates other Federal legislation.

## SUBPOINT 2

## PLAINTIFF STATES AN CLAIM FROM THE SUPPORT OF THE 9TH

Defendants failed to specifically address the plaintiff 9th, 5th, 1th, Amendment claims, and Plaintiff see why. The language and history of the Ninth Amendment reveal that the Framers of the Constitution believed there where fundamental rights, protected from government infringement, which exist alongside the specifics of the Bill of Rights. Annals of Congress 439 (1789).

Some courts see's the Ninth Amendment as a Saving Clause Richmond Newspapers v.Virginia, U.S. 555, 579-80 & n.15 (1980). In United Public Workers v. Mitchell, 330 U.S. 75, 94-95(1947). Although upholding the hatch Act, the court said "We accept appellants contention that the nature of political rights reserved to the people by the Ninth and Tenth Amendments [is] involved. The rights claimed as inviolate may be stated as the right of a citizen to act as a party Official or worker to further his own political views. Thus we have a measure of interference by the Hatch Act and the Rules with what otherwise would be the freedom of the Civil servant under the First, Ninth, and Tenth Amendments".

In United States v. Lopez, 514 U.S.549 (1995) the Supreme Court held that while Congress had broad lawmaking authority under the Commerce Clause, it was not unlimited, and did not apply to something as far from commerce as carrying a handgun.

James Madison addressed what would become the 9th Amendment as follows:

> *"It has been objected also against a bill of rights, that, by enumerating particular exception to the grant of power, it would disparage those rights which were not placed in that enumeration;*

*and it might follow by implication, that those rights which were not singled out, were intended to be assigned into the hands of the General Government, and were consequently insecure. This is one of the most plausible arguments I have ever heard against the admission of a bill of rights into this system; I conceive, that it may be guarded against. I have attempted it, as gentlemen may see by turning to the last clause of the fourth resolution"*

Madison was concerned that enumerating various rights could "enlarge the powers delegated by the Constitution".

Plaintiff agrees with Madison, because Congress totally was wrong in creating legislation and adding an discriminatory restriction that they know will injure some citizen one day. Specially in regards to an Act that was formerly created to fight racism during such an time period.

We must now determine whether or not choice is a Fundamental right that's deeply rooted in our Constitution enumeration and penumbras. Privacy is very important to our country, its protected by the Third, the Fourth, and Fifth Amendments as well. Question the plaintiff and class presents today, is whether or not choice an citizen makes in regards of what employer he or she chooses should be regulated or attached with consequences of loses of other Federal rights if such choice are not directed in the appropriate area that Congress encourages.

It's undisputed that citizens who work for any employer with less than 15 employees were penalize by not being able to receive adequate redress from an the EEOC, or the OHRC, or any other State Human Rights Agency, if they believe they had been discriminated against, as the plaintiff did in the instant case. Despite the State defendants complete denial that such practice exist.

The Supreme Court recognized that citizens have an liberty interest in making

10

certain kinds of important decisions that's protected by the Due Process Clause. Whalen v. Roe, 429 U.S. 589, 599, 97S.Ct.869 (1977)(footnotes omitted). Making an decision of whether or not to work at an particular employer with the understanding that such decision may limit such citizens federal rights of protection from work related discrimination. Is an very important decision to the plaintiff and Class, and falls between above criteria and protection.

The above Supreme Court decision demonstrates Federal Courts recognizes choice as being Fundamental, and shielded by liberty and the Due Process Clause to protects its interest.

## COMPLAINT STATES AN CLAIM UNDER THE
## FIRST & FIFTH AMENDMENT'S

Federal Government and State Government are prohibited from creating laws that Abridge Citizens and the plaintiff and class rights to petition the Government for an redress of an Grievance and Freedom Speech. See Fiske v. Kansas, 274 U.S. 380, 386-87(1927). Plaintiff and class rights to file an complaint concerning their belief that they been discriminated against was abridged by representatives of the EEOC and OHRC, or any other State Agency, advising them that 15 employees was an requirement before they could initiate an investigation concerning work related discrimination.(See Complaint page 4, parag-24). Although other citizens who work for employers with 15 or more employees was capable of petitioning the Government for an redress of their complaint, and Speech wasn't abridged as the Plaintiff and Class was. Courts usually test such Government explanation under strict scrutiny as discussed earlier.

The above text of 42 U.S.C. 1981(a) gives the plaintiff and class an liberty

interest in being an party, giving evidence, but was strip from them as result of working for an employer who had 15 employees or more without an adequate notice or hearing. Logan v. Zimmerman Bush Co, 445 U.S. 422, 437, 102 S. Ct. 1148(1982)(citation omitted) and also See Goss v. Lopez 419 U.S. 565, 579, 95 S.Ct. 729(1975).

State defendants failed to specifically addressed the plaintiff First Amendments claims that are constructed on free speech in writing up an complaint, and sending it in to the EEOC or their Co-defendants (State Defendants) for redress, which overlaps into petitioning the Government for an redress of Grievance, whereas, the crux of the plaintiff claim is that he was denied both his right to free speech, and to petition the Government for an redress of an grievance, by the State Defendants, and Federal Defendants, acting jointly, which has been historically, an common right to have by American citizens. First Amendment I [1791].

Plaintiff position the First Amendment rights claim on Equal Protection grounds, claiming that both Defendants(State and Federal) denied him and class such fundamental rights, by offering such status to citizens who work for employers who have 15 or more employees, although failing to offer the same service or federal protection to him and class, as a direct result of their choosing an smaller employer.

State defendants and federal defendants must articulate an compelling reasons to defeat the plaintiff First Amendment claims that are base on Equal Protection grounds. the Courts ordinarily uses the highest standard that the law allow( Strict Scrutiny) to determine whether or not the State or Federal Governments reasons are justified in relation to such Constitutional claim.

Nevertheless, the Court must also determine what type of speech that is at issue.

The Supreme Court has ' long recognized that not all speech is of equal First Amendment importance. Its is speech on matters of public concern that is at the heart of the First Amendment's protection." Don & Bradstreet, Inc. v. Greenmoss Builders, Inc, 472 U.S. 749, 758-59(1985)(plurality opinion)(internal quotations omitted)." Being called the n word in work setting, and not being able to filed grievance concerning such matter to an Government Agency that is designed to counter discrimination during an working environment."

Even when the State or Federal Government may encourage discrimination, its prohibited by the Constitution. Robinson v. Florida, 378 U.S. 153, 156; Anderson v. Martin, 375 U.S. 399; Barrows v. Jackson, 346 U.S. 249, 254; McCabe v. Atchison, Topeka & Santa Fe R. Co. 235 U.S. 151. concluding that a prohibited state involvement could be found "even where the state can be charged with only encouraging ," rather than commanding discrimination. Subsection e(b) surely shields small businesses from Governments involvements, which ironically, risks the possibility of encouraging certain groups of people(KKK, ect) to take advantage of such gap in the law, and setting up racist regimes, that financially Poole money into such Organizations.

Pursuant to Title 28 United States Codes Section 1746, plaintiff verifies under the penalty of perjury that foregoing is true and correct to the best of the his knowledge and belief or interpretation of the law and research material

## **CONCLUSION**

For the foregoing reasons the plaintiff request that this court dismiss the State Defendants Motion to Dismiss.

ZACK MCCAIN<br>
Phone #405-224-0830<br>
1019 South 14TH Street<br>
Chickasha, Oklahoma 73018

## CERTIFICATE OF SERVICE

I hereby certify that on 15th day of December, 2006 I inserted the foregoing matters with an Notice of plaintiff new address in an frank envelope with proper postage, and placed inside an United States Postal Mail Box, to the following persons.

Kevin L. McClure, OBA #12767  
Assistant Attoney General  
Office of Attorney General  
State Of Oklahoma  
Litigation Section  
313 N.E. 21 Street  
Oklahoma City, Oklahoma 73105  
Tele: (405) 521-4274  

Attorney's for Defendant Oklahoma Human Rights Commission.

United States Attorney  
555 4th Street, N.W.  
Washington, D.C. 20530

14