UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACK McCAIN, III  )<br>)<br>Plaintiff *pro se*,  )<br>)<br>v.  )<br>)<br>U.S. EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION, <u>et al</u>.  )<br>)<br>)<br>Defendants.  )<br>) | Civil Action No.: 06-1701 (RJL) |

**FEDERAL DEFENDANTS' MOTION TO DISMISS**

Federal Defendants United States Equal Employment Opportunity Commission ("EEOC") and the United States, respectfully move to dismiss *pro se* plaintiff's amended complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6). Attached is a memorandum of points and authorities in support of this motion to dismiss.

*Pro se* Plaintiff is advised that if he fails to respond to this motion to dismiss, the Court may grant this motion and dismiss his case because of the failure to respond. See <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988).

                                              Respectfully submitted,

                                              JEFFREY A. TAYLOR, D.C. Bar # 498610
                                              United States Attorney

        /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

        /s/
ALEXANDER D. SHOAIBI, D.C. Bar # 423587
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7236
alexander.d.shoaibi@usdoj.gov

Of Counsel:
ERIN N. NORRIS
N.C. Bar # 28718
Office of Legal Counsel
U.S. Equal Employment Opportunity
  Commission
1801 L Street, N.W.
Washington, D.C. 20507

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ZACK McCAIN, III | ) | |
| | ) | |
| Plaintiff *pro se*, | ) | Civil Action No.: 06-1701 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS

Defendants United States Equal Employment Opportunity Commission ("EEOC") and the United States, by counsel, respectfully move to dismiss this employment discrimination case pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has not stated a claim against defendants under any of the Constitutional provisions he has cited, and, therefore, Plaintiff's complaint should be dismissed, and judgment entered for defendants as a matter of law.

I. STATEMENT OF FACTS

*Pro se* Plaintiff filed the complaint in the above-captioned matter on September 29, 2006, against the United States, the Oklahoma Human Rights Commissioner, and the U.S. Equal Employment Opportunity Commission (EEOC). On October 24, 2006, plaintiff filed an Amended Complaint. Plaintiff claims to represent a "[c]lass of citizens ... throughout the United States and its territories, which choose to work for small businesses."[1] Amended Complaint

---

1 Although plaintiff claims to represent a class, plaintiff has not moved for class certification under Rule

¶¶ 2-3. The federal defendants move to dismiss the complaint in this matter under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's claims against the federal defendants stem from his attempt to file a charge of race discrimination against his former employer with EEOC's Oklahoma Area Office. Plaintiff was told that Title VII of the Civil Rights Act of 1964 (Title VII) does not grant EEOC jurisdiction over claims against employers with fewer than fifteen employees. Amended. Complaint ¶¶ 17-22. Title VII by its terms covers employers who are "engaged in an industry affecting commerce who [have] fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). Because Plaintiff's former employer did not employ fifteen or more persons, EEOC is without jurisdiction to investigate his claims.

Plaintiff appears to bring his claims against the federal defendants under the Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution.[2] Plaintiff seeks an injunction preventing the President of the United States from vetoing any bill or to order the President to redraft 42 U.S.C. § 2000e(b), presumably to remove the fifteen-employee threshold; an Order instructing EEOC and the Oklahoma Human Rights Commission to redraft their "regulations and policies," again presumably to strike the fifteen-employee threshold; and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the fifteen-employee threshold in 42 U.S.C. § 2000e(b)

---

23, and certification would in any event be inappropriate. See, e.g., *Martin-Trigona v. Smith*, 712 F.2d 1421, 1427 (D.C. Cir.1983).

2 Plaintiff also appears to make a stray reference to the First Amendment's protection of freedom of speech; however, Plaintiff fails to explain anywhere in his Complaint how the United States or the EEOC, by acting in accordance with Title VII as mandated by Congress, has infringed upon his right to free speech.

unconstitutional. Amended Complaint ¶¶ 43-45.

## II.  ARGUMENT

A. **Plaintiff Has Failed to State a Claim Against Federal Defendants Upon Which Relief Can Be Granted**.

Plaintiff's complaint should be dismissed under Rule 12(b)(6), Fed. R. Civ. P., because Plaintiff has failed to state a claim against defendant EEOC under any of the Constitutional provisions he cites upon which relief can be granted.

1. Standard of Review

The standard for review under Rule 12(b)(6) is well established. See, for example, *Mitchell v. Yates*, 402 F. Supp. 2d 222, 228 (D.D.C. 2005), from which the following recitation is taken: A motion to dismiss pursuant to Rule 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957); see also *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir.1987). A complaint need only contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. Accord *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact, *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), but conclusory legal allegations need not be

considered by the court, *Domen v. Nat'l Rehabilitation Hospital*, 925 F. Supp. 830, 837 (D.D.C.1996) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

    2.    <u>Fifth Amendment</u>

Plaintiff has failed to state a claim against the EEOC defendants under the Fifth Amendment. He appears to allege in Count 1 of the Amended Complaint that Title VII violates the equal protection component of the Due Process Clause of the Fifth Amendment because it exempts employers having fewer than fifteen employees from coverage under the statute. Further, in Count 3 he alleges that the EEOC's determination that Title VII does not provide jurisdiction over Plaintiff's claim somehow deprived him of a liberty or property interest protected by the Due Process Clause. He has not shown that Title VII runs afoul of either equal protection or due process, however, and his Complaint should therefore be dismissed.

    a.    Equal Protection

The "equal protection" component of the Fourteenth Amendment has been deemed incorporated into the Fifth Amendment Due Process Clause and therefore to act as a substantive restraint on the power of the federal government to deny equal treatment to those subject to federal government action. *See Bolling v. Sharpe,* 347 U.S. 497, 499 (1954); *Washington v. U.S.*, 401 F.2d 915, 922-23 (D.C. Cir. 1968). However,

> equal protection is not a license for courts to judge the wisdom, fairness or logic of legislative choices. In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.

*F.C.C. v. Beach Communications Inc.*, 508 U.S. 307, 313 (1993); *Waters v. Rumsfeld*, 320 F.3d

265, 268 (D.C. Cir. 2002). Plaintiff has not offered evidence that the classification used in Title VII (the fifteen-employee minimum) infringes any fundamental constitutional right or constitutes a suspect class; therefore, rational basis review is the appropriate standard in this case.

Under rational basis review, there need only be a "rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe*, 509 U.S. 312, 320 (1993). It is "entirely irrelevant…whether the conceived reason for the challenged distinction actually motivated the legislature." *Waters,* 320 F.3d at 269 (*quoting Beach*, 508 U.S. at 315). To uphold the challenged statute, all the court must determine is that there exists "any conceivable rational basis" for the legislative classification. *Beach*, 508 U.S. at 309, *Waters,* 320 F.3d at 269. Because the legislature is not required to articulate the rationale supporting a classification, "a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data. *Beach,* 508 U.S. at 315. Further, "those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it." *Id.* (internal quotations omitted).

Earlier this year, the Supreme Court noted that Congress incorporated the employee numerosity requirement into Title VII in an effort to "spare very small businesses from Title VII liability." *Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235, 1239 (2006). The classification was not intended "to encourage or condone discrimination," but to "spare very small firms from the potentially crushing expense of mastering the intricacies of the antidiscrimination laws, establishing procedures to assure compliance, and defending against suits when efforts at compliance fail." *Papa v. Katy Industries, Inc.*, 166 F.3d. 937, 940 (7th Cir. 1999). In fact, a review of the legislative history of Title VII reveals that the impact on small businesses of

compliance with the statute or litigation under Title VII was a concern discussed in the Senate. *See* 110 Cong.Rec.S. 13088, 13092-93 (1964). A desire on the part of Congress to protect small businesses from the costs of litigation is certainly a rational basis for excluding those employers from coverage under Title VII. Further, although EEOC is not required to demonstrate that this desire was Congress' actual motivating factor in excluding very small employers, the legislative history suggests that, at the very least, it played a part in Congress' decision.

It is also important to note that Title VII is not the only statute in which Congress has singled out small business in its efforts to assist those businesses. In the Internal Revenue Code, Congress created the S Corporation, a specific type of corporation only available to small business, to protect small businesses from double taxation. *See* 26 U.S.C. § 1361. Likewise, the Small Business Act, under which small businesses receive special consideration in contracting with the federal Government, was enacted to promote "the declared policy of the Congress that the Government should aid, counsel, assist, and protect, insofar as is possible, the interests of small-business concerns in order to preserve free competitive enterprise." 15 U.S.C. § 631(a). These statutes illustrate that Congress is concerned with promoting the economic viability of small business through inclusion in special programs or exclusion from certain financial encumbrances.

Although the burden is on plaintiff to negate all conceivable reasons for Congress' inserting the employee numerosity requirement into Title VII, plaintiff has not negated the rationale of prevention of hardship for very small businesses, nor has he negated any other rationale. In fact, he has made no attempt at all to show that there is no rational basis for Title VII's fifteen-employer threshold, other than offering his opinion that the statutory provision

violates the Constitution. His unsupported assertions that the classification is unconstitutional are clearly not sufficient to state a claim.

b. Due Process right to liberty or property

Plaintiff also alleges that the statutory classification in Title VII that excludes small businesses from coverage deprives him of his right to liberty or property. Amended Complaint ¶ 41. However, plaintiff is only entitled to due process if the government takes away his liberty or property; because Title VII does neither, plaintiff cannot show that he is owed due process here.

Plaintiff does not explain how his liberty interest is impacted by the statutory classification, and we can conceive of no possible way it could be impacted. The exclusion of very small employers from coverage under Title VII in no way can result in plaintiff or anyone else being subject to imprisonment or any other form of deprivation of liberty. Nor has plaintiff shown what property interest is affected by the classification. Plaintiff apparently believes that the possibility of a finding of reasonable cause to believe discrimination occurred represents some sort of property interest under the Due Process Clause; however, according to the First Circuit, "[b]ecause a determination of reasonable cause is nonbinding and nonfinal, investigative and not adjudicative, we cannot say that the failure to receive such a determination represents any loss that implicates the Due Process Clause." *Francis-Sobel v. University of Maine,* 597 F.2d 15, 18 (1st Cir. 1979).

Plaintiff has failed to present any facts to support a claim under Fifth Amendment equal protection or due process, and his Complaint should therefore be dismissed.

3.	Ninth Amendment

The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. In Counts 2 and 4, Plaintiff makes vague arguments that the Ninth Amendment somehow guarantees him an investigation by the EEOC under Title VII. Amended Complaint ¶¶ 39, 42. This argument fails because the Ninth Amendment "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." *Schowengerdt v. U.S.,* 944 F.2d 483, 490 (9th Cir. 1991). This Court recently noted that the "Ninth Amendment is a rule of construction, not a substantive basis for a civil rights claim." *Rynn v. Jaffe*, --- F.Supp.2d ----, 2006 WL 3000442 (D.D.C. October 20, 2006). Plaintiff has failed to show that by acting in accordance with Title VII, EEOC has deprived him of some right secured by the Ninth Amendment, and has thus failed to state a claim under that amendment.

4.	Fourteenth Amendment

The Fourteenth Amendment provides that no state shall deprive any person of due process or equal protection of the laws. *See* U.S. Const. amend. XIV, § 1. It has no applicability against the EEOC – a federal agency; the commands of the Fourteenth Amendment are addressed only to a state or those acting under color of its authority. *Civil Rights Cases*, 109 U.S. 3 (1883). The Fourteenth Amendment does not provide a cause of action against federal agencies or persons acting under color of federal law; therefore, to the extent plaintiff seeks relief against the EEOC under the Fourteenth Amendment, his complaint must be dismissed. *Newsome v. E.E.O.C.,* 301 F.3d 22, 232 (5th Cir. 2002).

### III. CONCLUSION

For all of the foregoing reasons, federal defendants' Motion to Dismiss should be granted.

Respectfully submitted,

_/s/_
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_/s/_
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_/s/_
ALEXANDER D. SHOAIBI, D.C. Bar # 423587
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7236
alexander.d.shoaibi@usdoj.gov

Of Counsel:
ERIN N. NORRIS
Office of Legal Counsel
U.S. Equal Employment Opportunity
   Commission
1801 L Street, N.W.
Washington, D.C.  20507