IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

...................................................    :

ZACK MCCAIN, III                    CIVIL ACTION NO-06-1701RCL

PLAINTIFF                           :

vs.                                 :

United States of America, et,al     :

DEFENDANTS
...................................................

RECEIVED

FEB 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OF LAW IN RESPONSE TO FEDERAL DEFENDANTS MOTION TO DISMISS

### History of Case

On about August 26, 06 plaintiff brought this case in this court, seeking to vindicate his rights, and a class of citizens, similarly situated, challenging the Constitutionality of subsection e(b) of Title 42 U.S.C. of the Civil Rights Act of 1964, which excludes employers who have less than 15 employers from the coverage of the Act; presenting the federal question of whether or not subsection e(b) past Constitutional Mustard, and could a private citizen state a claim against a State Agency who allegedly Acted jointly under the color of federal law with a Federal Agency? Seeking Judicial Review under Title 5 United States Codes, Section 702.

1

On October 24, 2006 Plaintiff filed a amended complaint adding more allegations Concerning the racially discriminatory result of the impact that rule e(b) 42 U.S.C. 2000(hereinafter rule e(b)) had on his ability to seek relief through the EEOC, OHRC, with claims supporting them. The Federal Defendants move to dismiss the complaint in this matter under Fed.R.Civ. P. 12(b)(6) on Deceimber 28, 06, claiming that the complaint failed to state a claim upon which relief can be granted.

### 1. ARGUMENT.

### 2. STANDARD OF REVIEW

Plaintiff concedes that the applicable standard of review that the federal defendants cites are applicable to this case, refute that his complaint doesn't meet such standard. In deciding a motion to dismiss the court assume all the facts of the complaint is true. Roth Steel Products vs. Sharon Steel Corp, 705 F. 2d 134, 155,(6th Cir. 1982). The court considers only the allegations in the complaint, and it should dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". Conely v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99(1957). The Court doesn't resolve factual disputes at this stage. If material are presented outside the complaint, for example, affidavits or other documentary evidence, the must either ignore them or convert the motion into motion for Summary Judgement. Rule12(b), Fed. R. Civ. P. Miller v. Glanz, 948 F.ed 1562,

1565(10th Cir.); A complaint need only contain "a short and plain statement of the claim that will give the defendants fair notice of what the plaintiff's claim is and the ground upon which it rest" Conley, 355 at 47. Plaintiff must be given favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236,(1974).

    3. Plaintiff states two distinct claims under the Equal Protection Clause of the 5th Amendment to the U.S. Const.

    In Count 1 of the complaint, plaintiff alleges that the United States took authority from Section 8 of the commerce clause, and the 5th Amendment to create Title VII with subchapter rule e(b) that discriminates against citizens who are employed by employers who employs less than 15 employees, but insofar effect commerce, and citizens who had believed they had been discriminated against, as the plaintiff was in the instant case(but racial discrimination), by their employer, but wasn't able to petition the EEOC or OHRC, to investigate such claims, due to rule e(b) making small businesses immune from the EEOC, or any State Government Agency that fight discrimination within a working environment. Although, on the other hand, allowing other similarly situated citizens the services of the EEOC, or OHRC, if they believed they've been discriminated against by their employer. Federal Defendants contend that Congress reasons for such rule, was …"a desire on the part of Congress to protect small businesses from the cost of litigation."(Federal defendants brief at 11). Such interest that the federal defendants claims, is belied by Congress enacting 42 U.S.C. 1981 of Civil Rights Act of 1866, which was re-enacted as 18 of the Voting Rights Act of 1870 and which provided:

> "That all persons born in the United States and not subject to any foreign power, excluding Indians not taxed, are hereby declared to be citizens of the United States;

and such citizens, of every race and color, without regard to any pervious condition of slavery or involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted of slavery or involuntary servitude, except as punishmen for crime whereof the party shall have been duly conviced, shall have the same right, in every State and Territory in the United States, to make and enforce contracts, to sue, be parties, and give evidence, to inherit, purchase, lease, sell, hold, and convey real and personal property, and to full and equal benefit of all laws and proceedings for the security of person and property, as is enjoyed by white citizens, and shall be subject to like punishment, pains, and penalties, and to none other, any law, statue, ordinance, regulation, or custom, to the contrary notwithstanding."

The above text makes clear that Congress effort to abolish racial discrimination throughout the United States. Nevertheless, this shows that Rule e(b) isn't rational bases for excluding small businesses from the coverage of Title VII when it comes to racial discrimination claims, as the plaintiff encountered in the instant case.

As the Court stated in Norwood v. Harrison, 413 U.S. 455, 469, "…Constitution places no value on discrimination." Id. At 469. If the Constitution places no value on discrimination, then Congress exceeded its authority under the Constitution to draft rule e(b) to immune small businesses from the EEOC compliances policies, and the stringent penalties for failure to comply.

In the employment context, 42 U.S.C. 1981 coverage as it relates to racial discrimination, its broader than Title VII"s, for Title VII applies only to employers with 15 employees, whereas 1981 has no such limitation. Which is further evidence tha Congress legislative motive in drafting rule e(b) into the 1964 Civil Rights Act, was conflicting and without logic justification. See History of 42 U.S.C. 1981, in Runyon v. McCray, 427 U.S. 160, 168-170, and n. 8(1976).

Senatory Williams(118 Congress), the floor manager of the pending bill and one of original sponsors, argued the proposed amendment on the ground that "..it is not our

purpose to repeal existing civil rights laws.." and to do so.."would severely weaken our overall effort to combat the presence of employment discrimination" ibid. Senator Williams specifically noted: "The law against employment discrimination did not begin with Title VII and the EEOC, nor is it intended to end with it. The rights of individuals to bring suits in Federal Courts to redress individual acts of discrimination, including Employment discrimination was first provided by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981, 1983. It was recently stated by the Supreme Court in the case of Jones v. Mayer, 392 U.S 409, 439(1968), these Acts provide fundamental Constitutional Guarantees.."

The Civil Rights Act of 1866, which was passed under Congress Thirteenth Amendment powers to remove from former slaves, "badges and incidents of slavery,"Jones 392 U.S. at 409.

Congress reasons by preventing the EEOC, OHRC, from investigating claims from citizens who felt they was discriminated against by a employer with less than 15 employees, doesn't makes since, because it only disallows Government Agencies from screening and preparing a record for Court actions that may follow under 42 U.S.C. 1981. Congress is discriminating between its classifications of protected statuses under Title VII. On one hand Congress provides a separate statue in 1981, to focus directly on racial discrimination through out the work force within the United States, and over seas(to protect American citizens), but failed to give the EEOC, authority to enfoce the statue in relation with a small businesses owner calling the plaintiff and other black job seekers the n word during a job interview, or a supervisor of another small business jokingly using the word, and terminating the plaintiff no long afterwards. These are the particulars

incidents that Titlle VII of 42 U.S.C. 2000e et seq of the 1964 Civil Rights Act, and 42 U.S.C. 1981 of the 1866 and 1871 Civil Rights Act was created for.

Its without a doubt that the Federal and State Government are prohibited from creating laws that abridge citizens like the plaintiff rights to petition the Governement for a redress of a Grievance, and Freedom of Speech. See Fiske v. Kansas, 274 U.S.380, 386-87(1927). And under applicable law governing outlawing both State and the Federal Governement from discriminating without justification against citizens, is setforth under Weinberger v. Wiesenfeld, 420 U.S.636,638 n2, 95 S. Ct, 1225(1975). Taking both in context unde the Constitution, and the applying the standard towards the facts of this case under Count 1(A) where the plaintiff rights to send a EEOC or OHRC form in for redress, seeking a investigation into the facts, were abridged, as result of rule e(b), and due to him working for a employer with less than 15 employees, as compared to citizens who work for a employer who meets the threshold requirement, where services for the EEOC, OHRC, was available, therefore, discriminated between the plaintiff fundamental rights to petition the Government, and Freedom of Speech, under the Equal Protection Clause of the Due Process component of the 5th Amendment. Federal defendants belied reasons "..a desire on the part of Congress to protect small businesses from the cost of litigation.." doesn't withstand federal courts strict scrutiny.

### PLAINTIFF STATES A CLAIM UNDER THE 9TH AMENDMENT

The language and history of the Ninth Amendment reveal that the Framers of the Constitution believed there was fundamental rights, protected from Government infringement, which exist alongside the specifics of the Bill of Rights Annals of Congress

6

439(1789).

Plaintiff has a rights to make choice of whether or not he like to work for a particular employer or not, without consequences of losing his federal protected rights from unlawful employment discrimination under Titel VII.. In Whalen v. Roe, 429 U.S. 589, 599, 97S. Ct 869, the Supreme Court recongnized that citizens have a liberty interest in making certain kinds of important decisions that's protected by the Due Process Clause. Whether or not to work at a particular employer, with the understanding that such decision may limit the plaintiff ability to access the EEOC for relief. Is a very important decision for the plaintiff to make. Plaintiff was deprived of his natural rights by rule e(b), as avered in his complaint under Count 2

And same reasoning in Count 2, applies in Count 2A, when in Meyer v. Nebraska, 262 U.S. 390, 399, the court held that the liberty protected by the Due Process Clause of the Fourteenth Amendment includes the right "to acquire useful knowledge, to marry, establish a home and bring up children." Id at 399. Plaintiff was discourage from acquiring useful knowledge while he attempted to work at Joe Maytag, and the Chickasha Sod & Grass Farm, by there making rude or racist remarks about the plaintiff race, to discourage the plaintiff from desiring to continue to work or acquirer knowledge.

### PLAINTIFF STATES A CLAIM UNDER THE LIBERTY INTEREST PROTECTED BY THE 5TH AMENDMENT

Under Title 42 U.S.C. 1981 "… All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce

Contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceeding.." Such language gives the plaintiff a liberty interest to give evidence in a investigation. Kentucky Dept. of Correction v. Thompson, 490 U.S. 454, 462, 109 S. Ct. 1904(1989).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Federal Defendants Motion to Dismiss.

Zack McCain III, Phone-#<br>
405-224-0830<br>
1019 S. 14th Street<br>
Chickasha,Okla 73018

## CERTIFICATE OF SERVICE

Plaintiff, Zack McCain, hereby declares, and certify that this 27th day of February, 2007 he sent a copy to the Federal Defendants and State Defendants at the following addresses.

Alexander D. Shoaibi,
Assistant United States Attorney
555 4th Street, N.W.
Washingtonk, D.C. 20530

Kevin L. McClure
Assistant Attorney General
Office of State Attorney General of
the State of Oklahoma
313 N.E. 21 Street
Oklahoma City, Oklahoma  73105

9