UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZACK MCCAIN, III,                )
                                 )
        Plaintiff,                )
                                 )
    v.                           )   Civil Action No. 06-1701 (RCL)
                                 )
UNITED STATES OF AMERICA, et al.,)
                                 )
        Defendants.               )

FILED
APR 16 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, brings this action challenging the constitutionality of the provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), that limits its application to persons that employ fifteen or more individuals. The complaint names as defendants the United States of America, the Equal Employment Opportunity Commission ("EEOC"), and the Oklahoma Human Rights Commissioner ("OHRC"). Defendants have moved to dismiss. Because plaintiff's constitutional claims are without merit, the defendants' motions will be granted and the case dismissed

### Background

Mr. McCain is an African-American and a resident of Oklahoma. Compl. at 1-2. Plaintiff alleges that on or about April 5, 2006, he was employed by the Chickasha Sod and Grass Farm in Chickasha, Oklahoma. *Id.* ¶¶ 2, 12. He claims that his white supervisor used a racial slur in a conversation with non-black employees. *Id.* ¶ 13. Plaintiff asked his supervisor to stop uttering the racial epithet in his presence. *Id.* ¶ 14. The supervisor then informed plaintiff that he was no longer needed at the job. *Id.* ¶ 16.

Plaintiff contacted the EEOC for the purpose of filing a charge against his former

employer. *Id.* ¶ 17. The EEOC informed plaintiff that it did not have jurisdiction over his claim because Chickasha Sod and Grass did not have fifteen or more employees. *Id.* ¶¶ 17-22. Plaintiff received the same information from the OHRC. *Id.* ¶¶ 23-24.

### Standard of Review

Defendants move to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(1) or 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Buaiz v. United States*, 471 F. Supp. 2d 129, 133 (D.D.C. 2007).

2

## Discussion

Title VII makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under the statute, the term "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calender year ..." *Id.* § 2000e(b). Plaintiff contends that this employee threshold provision deprives him of his constitutional rights to equal protection and due process, infringes on his First Amendment rights, and violates the Ninth Amendment of the Constitution.

*Equal Protection Claim*

The Equal Protection Clause requires that "all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The government cannot treat similarly situated individuals differently without a rational basis. *Noble v. United States Parole Comm'n*, 194 F.3d 152, 154 (D.C. Cir. 1999). The initial inquiry in evaluating an equal protection claim is whether a person is similarly situated to those persons who allegedly received favorable treatment. *Women Prisoners of Dist. of Columbia Dep't of Corr. v. Dist. of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996). In addition to showing the unequal treatment, a plaintiff must "show that the requisite relationship between the disparate treatment and the government interest does not exist." *Farmer v. Hawk-Sawyer*, 69 F. Supp. 2d 120, 125 (D.D.C. 1999). To establish an equal protection claim, a plaintiff is required to demonstrate discriminatory intent or purpose. *Washington v. Davis*, 426 U.S. 229, 239-40

(1976); *Fernandors v. Dist. of Columbia*, 382 F. Supp. 2d 63, 69 (D.D.C. 2005).

Plaintiff asserts that the employee numerosity requirement results in the disparate treatment of those whose employer employs more than fifteen individuals and those whose employer maintains a workforce below that numerical threshold. The legislative history of Title VII reveals that Congress enacted the employee-numerosity requirement to spare very small businesses from liability. *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235, 1239 (2006). "The purpose is to spare very small firms from the potentially crushing expense of mastering the intricacies of the anti-discrimination laws, establishing procedures to assure compliance, and defending against suits when efforts at compliance fail." *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940 (7th Cir. 1999); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir. 1995) (reviewing legislative history).

The distinction between sizes of businesses under Title VII has a rational basis. "[T]he congressional decision to limit the coverage of the legislation to firms with 15 or more employees has its own justification that must be respected – namely, easing entry into the market and preserving the competitive position of smaller firms." *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 447 (2003). Therefore, the fifteen-employee requirement of Title VII does not violate plaintiff's right to equal protection of the laws.

*Due Process Claim*

The essential principle of the Due Process Clause is that an individual cannot be deprived of life, liberty or property without having been given notice and an opportunity to be heard. *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 546 (1985). To survive a motion to dismiss, a plaintiff must allege at a minimum that he has been deprived of either a life, liberty or property

interest protected by the Due Process Clause. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). To have a viable due process claim, a plaintiff must have a "legitimate claim of entitlement" to the interest and not just an abstract need for it. *Doe by Fein v. Dist. of Columbia*, 93 F.3d 861, 868 (D.C. Cir. 1996); *Stewart v. Gaines*, 370 F. Supp. 2d 293, 295-96 (D.D.C. 2005).

Plaintiff contends that the defendants have deprived him of the "property or liberty interest to receive an [i]nvestigation, and possible findings of discrimination therefrom, without ... adequate notice or hearing" as required by the Due Process Clause. Compl. ¶ 41. The actions of the EEOC in resolving a discrimination claim do not implicate an individual's liberty or property interest. *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5-6 (2d Cir. 1997); *Georator v. EEOC*, 592 F.2d 765, 768 (4th Cir. 1979). The failure to receive a determination on a discrimination claim from the EEOC or a comparable state agency does not represent a deprivation implicated by the Due Process Clause. *Francis-Sobel v. Univ. of Maine*, 597 F.2d 15, 18 (1st Cir. 1979). An individual cannot pursue a cause of action against the EEOC challenging its investigation and processing of a discrimination charge. *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997). The complaint does not allege a viable due process claim.

*First Amendment Claim*

Plaintiff also alleges that Title VII's employee-numerosity requirement infringes on his First Amendment right to petition the government for a redress of grievances. Compl. ¶ 39. The First Amendment provides that Congress "shall make no law ... abridging the freedom of speech, or of the press; or the right of people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff does not identify how Title VII interferes with his First Amendment rights. Nothing in the statute prevents plaintiff from petitioning

Congress for a change in the law or from filing a lawsuit challenging the statute, as he has done here. This claim is without merit.

*Ninth Amendment Claim*

Plaintiff also brings a claim alleging that Title VII violates the Ninth Amendment of the Constitution "by making [him] pick and choose between [his] Federal Rights and choice of places of employment" and by preventing him "from pursuing [a] better lifestyle with employment and other forms of necessary skills ..." Compl. ¶¶ 40, 42. The Ninth Amendment establishes that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Plaintiff cannot rely on the Ninth Amendment to support his cause of action here. The Ninth Amendment "is a rule of construction, not a substantive basis for a civil rights claim." *Rynn v. Jaffe*, 457 F. Supp. 2d 22, 26 (D.D.C. 2006).

### Conclusion

Based on the foregoing, the defendants' motions to dismiss will be granted. A separate order accompanies this Memorandum Opinion.

/s/ Royce C. Lamberth
ROYCE C. LAMBERTH
United States District Judge

DATE: 4-16-07